# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 11-CR-0166-002-CVE |
| VINCENT BRET WATSON, | ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

The government seeks to introduce testimony of co-defendant and alleged co-conspirator, David Shuck, regarding events that occurred prior to the events charged in the indictment. The government contends that this evidence is intrinsic to the crimes charged. However, in the alternative, the government has filed a notice (Dkt. # 46) of its intent to offer evidence of other crimes or bad acts under Rule 404(b). Defendant has filed a response (Dkt. # 51) objecting to the government's proposed evidence. During trial, on February 28, 2012, the Court held an evidentiary hearing outside the presence of the jury, during which Shuck testified regarding events leading up to the offenses charged in the indictment.

Shuck testified that, between 1995 and 1999, he and Vincent Bret Watson (defendant) grew marijuana outdoors on a property located near Drumright, Oklahoma. Shuck and defendant shared the responsibilities of caring for the marijuana plants including watering, spraying for insects, and maintaining fencing. They also shared in the costs of the operation. The marijuana grown at this location was used mainly for personal use, and was split equally between Shuck and defendant. In 1999, Shuck and defendant began to fear that someone was aware that they were growing marijuana.

1

Because they did not want to get caught, they mutually decided to cease growing marijuana at that location. Shuck saved a plant from the outdoor growing operation and maintained that plant until 2000. At that point, Shuck stated that defendant told him he had given the plant to one of his friends.

In 2001, defendant purchased the property in Mannford, Oklahoma. Shuck lived on the property and paid the utility bills. Shuck testified that, at some point, defendant stated that he believed they could use the Mannford property to continue their marijuana growing operation indoors. In 2005, Shuck and defendant mutually decided to grow marijuana indoors at the Mannford property and installed an addition to the trailer for that purpose. Between 2005 and 2011, Shuck and defendant grew marijuana indoors at the Mannford property. They equally divided the labor, with Shuck doing most of the cleaning and defendant doing most of the cloning. They split the task of filling and maintaining the water tanks.

> Fed. R. Evid. 404(b) provides, in pertinent part:
>
> (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
> (2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

In weighing the admissibility of evidence under Rule 404(b), the Court must consider four factors: (1) whether the evidence is offered for a proper purpose, (2) its relevancy, (3) whether the probative value of the evidence is substantially outweighed by its prejudicial effect, and (4) the court must give a limiting instruction if the defendant so requests. Huddleston v. United States, 485 U.S. 681, 691 (1988); United States v. Mares, 441 F.3d 1152, 1156 (10th Cir. 2006); United States v. Zamora, 222 F.3d 756, 762 (10th Cir. 2000). Rule 404(b) does not apply to evidence which is

admitted as proof of the charged conduct; it applies only to evidence of acts extrinsic to the charged crime. United States v. Orr, 864 F.2d 1505, 1510 (10th Cir.1988). "'An uncharged act [is not] extrinsic if it was part of the scheme for which a defendant is being prosecuted, or if it was 'inextricably intertwined' with the charged crime such that witness' testimony 'would have been confusing and incomplete without mention of the prior act.'" United States v. DeLuna, 10 F.3d 1529, 1532 (10th Cir. 1993) (quoting United States v. Record, 873 F.2d 1363, 1372 n.5 (10th Cir. 1989)).

The government argues that Shuck's testimony regarding the outdoor growing operation in the late 1990s is evidence of an ongoing scheme to manufacture marijuana, or that it is so inextricably intertwined with the crimes charged that Shuck's testimony would be confusing and incomplete without mention of the prior 1995-1999 acts. Defendant argues that the testimony does not provide evidence of an ongoing conspiracy because there was a roughly five year period of time during which they did not grow marijuana. Thus, defendant argues, the prior acts are not inextricably intertwined with the charged crimes.

The Tenth Circuit has held that "intrinsic evidence is that which is directly connected to the factual circumstances of the crime and provides contextual or background information to the jury." United States v. Irving, 665 F.3d 1184, 1212 (10th Cir. 2011). Furthermore, "evidence 'relevant to establish how the conspiracy came about, how it was structured, and how each [individual] became a member,' is 'not extrinsic to the conspiracy charged,' even if it predates the time period set forth in the indictment." United States v. Tyler, 42 Fed. Appx. 186, 197 (10th Cir. 2002) (unpublished) (quoting United States v. Lokey, 945 F.2d 825, 834 (5th Cir. 1991)). Where two potentially separate conspiracies are alleged, evidence of the uncharged conspiracy may be inextricably intertwined with

3

the charged conspiracy where "the two conspiracies involved the same people, same drugs, same offenses, and similar time periods." United States v. Robles, 434 Fed. Appx. 736, 740 (10th Cir. 2011) (unpublished); see also United States v. Collins, 97 Fed. Appx. 818, 825 (10th Cir. 2004) (unpublished) (holding that district court did not abuse its discretion in finding that evidence was inextricably intertwined where it involved "prior acts that are virtually indistinguishable in kind from the charged activity and for the most part involve the same parties").

Shuck's testimony is relevant background information regarding how the conspiracy came about, how it was structured, and how defendant became a member. The earlier marijuana grow operation involved the same people, the same controlled substance, and the same offenses. Shuck stated that they used a plant from the earlier outdoor operation to begin the indoor growing operation. Shuck's testimony is likely to "clarif[y] and complete[] for the trial jury the picture of the interrelationship of the conspirators." Collins, 97 Fed. Appx. at 824. While some of this testimony may involve evidence alleged to have occurred up to fifteen years prior to the crimes charged in the indictment, the evidence shows "a long-standing pattern of drug activity . . . [which is] not unrelated and remote, but is integrally related to the criminal activity charged in the indictment." United States v. Wacker, 72 F.3d 1453, 1469 (10th Cir. 1995). In addition, in order to establish the knowledge requirement for counts three and four (maintaining a place), the government is permitted to introduce evidence of conduct preceding the date in the indictment. United States v. Barnes, No. 07-CR-0135-CVE, 2008 WL 1767086, at *2 (N.D. Okla. April 16, 2008). For these reasons, the Court finds that the testimony of the government's witnesses is inextricably related to the crimes charged in the indictment and is not subject to Rule 404(b).

Finally, this evidence is not inadmissible pursuant to Rule 403. "Exclusion of evidence

4

under Rule 403 that is otherwise admissible under the other rules is an extraordinary remedy and should be used sparingly." United States v. Tan, 254 F.3d 1204, 1211-12 (10th Cir. 2001). The proffered evidence is highly relevant to the offenses charged in the indictment and the Court finds that it has significant probative value. Although admission of this evidence may prejudice defendant, the probative value of the evidence is not substantially outweighed by any unfair prejudice.

**DATED** this 28th day of February, 2012.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT